IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD LEE GLENN | § | |
| v. | § | CIVIL ACTION NO. 6:06cv462 |
| RAYMOND THOMPSON, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Richard Glenn, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on January 11, 2007, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  Glenn testified at this hearing about an incident which occurred on May 16, 2006, in which he was assaulted by another inmate who had been placed in his cell.

Following the hearing, the Magistrate Judge issued an Initial Report recommending dismissal of some of the Defendants.  Specifically, the Magistrate Judge recommended dismissal of the Defendants Warden Thompson, Warden Westfall, Major Barbosa, and Captain Thompson.  Glenn testified at the hearing that he was suing these officials because they were in charge of the unit and housing area, and responsible for what occurred there.  He stated that these officials were policymakers, but acknowledged that the officers directly involved in the incident had violated policy.

The Magistrate Judge observed that claims of liability under the doctrine of *respondeat superior* are not generally valid under Section 1983, except under certain circumstances. The Magistrate Judge set out these exceptions and determined that none of them applied in the present case. The Magistrate Judge also determined that Glenn had not stated a claim against these supervisory officials under a theory of failure to train or supervise.

Glenn filed objections to the Magistrate Judge's Report on February 5, 2007. These objections begin by arguing that the Magistrate Judge lacked jurisdiction to enter a Report, apparently because he, Glenn, had not consented to having the Magistrate Judge enter final judgment, and because he stated that 28 U.S.C. §636(b) only applies to habeas corpus petitions. These contentions are without merit; consent is not necessary for the entry of a Report, and Section 636 applies to civil rights lawsuits as well as habeas petitions.

Glenn next embarks on a series of curious arguments, including assertions that the Magistrate Judge's Report violated the Federal Rules of Appellate Procedure by insufficiently briefing points of law and that a local rule imposing a requirement of form should not be imposed in a manner which causes a party to lose rights due to a non-willful failure to comply with the requirement. These claims are patently without merit.

Next, Glenn says that a "reasonable fact-finder" would have found that these officials had a policy of placing prisoners in an area where they could be assaulted, as shown by the fact that Officer Applewhite placed inmate Moore into Glenn's cell, where Moore hid under the bed and later assaulted Glenn with a weapon. The fact that the incident occurred is not proof of a policy; on the contrary, Glenn acknowledged at the hearing that the officers involved in the incident had violated policy rather than following it. Glenn points to cases in which prison officials were held liable for failing to protect inmates from assault, but fails to show that the circumstances of these cases are analogous to his.

Finally, Glenn says that he "has provided the court with evidence that his civil rights complaint for relief has recently been recommended dismissed under a rule by the Magistrate Judge

that was not before the district." He says that normally, an appellate court will not enlarge the record on appeal with evidence that was not before the district court, but that under these circumstances, the interests of justice would be served by granting his complaint, vacating the dismissal, and remanding the complaint for consideration in light of the new evidence. These statements of abstract legal principles appear to have no relation to the matters actually at issue in the case. His objections are without merit.

The Court has conducted a careful *de novo* review of the record in this case, including the Plaintiff's pleadings and testimony, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the Defendants Warden Thompson, Warden Westfall, Major Barbosa, and Captain Thompson be and hereby are DISMISSED with prejudice as frivolous. It is further

ORDERED that the Defendants Warden Thompson, Warden Westfall, Major Barbosa, and Captain Thompson are hereby DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against Officer Applewhite and Officer Smith.

**So ORDERED and SIGNED this 12th day of February, 2007.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**