IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| RICHARD LEE GLENN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:06cv462 |
| RAYMOND THOMPSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT
AND SUPPLEMENTAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Richard Lee Glenn, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Glenn named TDCJ officers Duane Smith and Carlos Applewhite.

Glenn says that on May 16, 2006, he was assaulted by an inmate named Moore after Officer Applewhite placed Moore into his, Glenn's, cell. Officer Smith stood by and watched the assault for a period which Glenn estimated at two minutes before taking action. Glenn contended that Applewhite and Smith were deliberately indifferent to his safety, and these officers have been ordered to answer the lawsuit and have done so.

On December 17, 2007, Smith and Applewhite filed their motion for summary judgment. In this motion, they assert that Glenn failed to exhaust his administrative remedies against Officer Smith, that the Defendants are entitled to Eleventh Amendment immunity for claims brought against them in their official capacities, and that they are entitled to qualified immunity. Glenn did not file

1

a response to this motion; however, the fact that he did not file a response is not in itself reason to grant the motion. John v. State of Louisiana, 757 F.2d 698, 709 (5th Cir. 1985).

On February 7, 2008, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted insofar as it related to the Defendants in their official capacities, but not their individual capacities. Both parties filed objections, and on June 3, 2008, the Magistrate Judge issued a supplemental Report.

This Report recommended that the motion for summary judgment be granted as to Officer Smith, on the ground that Glenn had failed to exhaust his administrative remedies against Officer Smith. The Magistrate Judge had originally determined that the investigation by the TDCJ Office of the Inspector General was tantamount to exhaustion, because it represented all of the relief which Glenn could achieve through the grievance process and because the investigation gave prison officials a means by which they could address the problem and take corrective action. The Magistrate Judge concluded that this served the purpose of the exhaustion requirement.

The Defendant Duane Smith filed objections to the Report of the Magistrate Judge, insisting that Glenn failed to exhaust his administrative remedies. In support of this contention, Smith pointed to unpublished Fifth Circuit case law holding that a Step Two grievance appeal is required to properly exhaust administrative remedies, regardless of whether an investigation is begun in response to a Step One grievance. Smith cites Aguirre v. Dyer, 233 Fed.Appx. 365 (5th Cir. 2007) (not selected for publication in the Federal Reporter), Castro v. Crawfoot, 102 Fed.Appx. 852 (5th Cir. 2004) (not selected for publication in the Federal Reporter), and Garza v. Wauson, 57 Fed.Appx. 211 (5th Cir. 2003) (not selected for publication in the Federal Reporter).

The Magistrate Judge reviewed these cases and concluded that although they were not selected for publication in the Federal Reporter, the cases "clearly indicate the Fifth Circuit's intent that the grievance procedure be completed regardless of whether or not an internal investigation by the Office of the Inspector General is undertaken, a position also taken by the Texas state courts." For example, in Aguirre, the Fifth Circuit stated as follows:

> Aguirre's contention that he was not required to file a Step 2 grievance because his Step 1 grievance was referred to the Internal Affairs Division is without merit. *See* Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex.Ct.App.2003). Aguirre's ignorance of the rules requiring a Step 2 grievance does not excuse his noncompliance. *See* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999).

In Castro, the answer to the inmate's Step One grievance was that the complaint had been referred to the Internal Affairs Division (now called the Office of the Inspector General), and the inmate subsequently received an inter-office communication from the Internal Affairs Division. The Fifth Circuit rejected the inmate's contention that the inter-office communication represented a decision from the highest authority in the grievance system; the Court also cited Crain, a Texas state decision which held that the filing of a Step Two grievance was mandatory even though the Step One grievance had been forwarded to the Internal Affairs Division. Similarly, in Garza, the Fifth Circuit held that a Step One grievance which stated that the excessive force allegation would receive further administrative review from the Central Grievance Office did not satisfy the exhaustion requirement.

In light of these statements by the Fifth Circuit, the Magistrate Judge said, the objections of the Defendant Duane Smith are meritorious insofar as they seek dismissal of the claims against him based upon Glenn's failure to exhaust his administrative remedies. The Magistrate Judge therefore withdrew that portion of the prior Report to the extent that it recommended denial of Smith's motion for summary judgment based upon Glenn's failure to exhaust administrative remedies, and recommended that the motion for summary judgment be granted as to Smith. The remainder of the Report was unchanged.

Glenn filed objections to the Magistrate Judge's supplemental report on June 16, 2008. In these objections, Glenn says first that he did file a Step Two grievance, and so his administrative remedies were exhausted. While it is true that Glenn filed a Step Two grievance, this grievance did not concern the incident, but rather the response which he received to his Step One grievance. As the Magistrate Judge determined, this does not suffice to exhaust administrative remedies against Officer Smith.

Next, Glenn argues that one of the primary purposes of the exhaustion requirement is to allow prison officials time and opportunity to address complaints. He says, as did the Magistrate Judge's initial Report, that the prison officials had ample opportunity to and did address his complaint and that the purpose of the exhaustion requirement was thus satisfied. However, Glenn fails to take into account the Fifth Circuit's express pronouncements that the grievance procedure must itself be exhausted regardless of the fact that his Step One grievance was referred to the Office of the Inspector General (formerly known as the Internal Affairs Division) for investigation. Aguirre v. Dyer, 233 Fed.Appx. 365 (5th Cir. 2007). Because Glenn did not file a Step Two grievance concerning his claims against Smith, these claims are unexhausted, and his objections to the Magistrate Judge's supplemental Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report and the Supplemental Report of the Magistrate Judge and the objections thereto. Upon such *de novo* review, the Court has concluded that the Report and Supplemental Report of the Magistrate Judge is correct and that the Plaintiff's objections thereto are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report and Supplemental Report of the Magistrate Judge are collectively ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 39) is GRANTED as to the claims against the Defendants in their official capacity, and GRANTED in its entirety as to the claims against Officer Duane Smith. It is further

ORDERED that all claims against the Defendant Duane Smith are hereby DISMISSED and that Smith is hereby dismissed as a party to this lawsuit. Finally, it is

ORDERED that the Defendants' motion for summary judgment is DENIED insofar as it relates to the claims brought against Officer Applewhite in his individual capacity.

**So ORDERED and SIGNED this 3rd day of September, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**